O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HECTOR RODRIGUEZ, | ) | CASE NO. CV 09-08430 PA (RZ) |
| Petitioner, | ) ) | |
| vs. | ) ) | ORDER TO SHOW CAUSE RE TIMELINESS |
| MATTHEW CATE, Secretary of CDCR, | ) ) | |
| Respondent. | ) ) | |

The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

        The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).

        The current petition was filed on November 17, 2009. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a) On November 19, 1999, petitioner pleaded guilty to charges of mayhem and attempted murder. He was sentenced to 18 years in state prison. Pet. ¶ 2.

(b) Petitioner did not appeal. His conviction became final no later than January 19, 2000, when his 60-day deadline for seeking a certificate of probable cause expired. *See* CAL. R. CT. 8.304(b) (former Rule 30).

(c) Over nine years passed. In June 2009 Petitioner sought habeas relief in the California Supreme Court. That court rejected his petition on October 14, 2009, with citations indicating the rejection was based not on the merits but on the court's view that Petitioner could have raised the claims earlier.

\* \* \* \* \*

        Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action has been time-barred since mid-January of 2001, one year after his conviction became final.

        Petitioner asserts that he was ignorant of the law as to many things, including not only his claims but also his right to appeal and his obligation to exhaust his claims in the state courts before asserting them here. But ignorance of the law's requirements does not excuse one from those requirements. *See generally Summers v. Patrick*, 535 F. Supp. 2d 995, 998 (C.D. Cal. 2008) (citing *Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003), and other cases) (legal ignorance no basis for relief from limitations period). No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (equitable tolling of AEDPA statute requires petitioner to show "(1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstance stood in his way"), *quoted in Harris, supra*, 515 F.3d at 1054-55.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: November 20, 2009

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

-3-